

**OPINION**

No. 04-07-00660-CV

**IN RE COASTAL BEND COLLEGE**

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 07-04-45797-CV
Honorable Richard C. Terrell, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:        Alma L. López, Chief Justice
                 Sandee Bryan Marion, Justice
                 Phylis J. Speedlin, Justice

Delivered and Filed:   October 15, 2008

AFFIRMED

This appeal stems from a Texas Rule of Civil Procedure 76a motion asking the trial court to seal two DVDs containing information obtained from Coastal Bend College ("Coastal Bend"). The trial court determined the documents were not "court records" under Rule 76a and were, therefore, not open to the public. Appellants, intervenors in the underlying receivership action, filed this appeal. Because we agree that the documents are not "court records," as defined by Rule 76a(2), we affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 9, 2007, Kathlyn Patton, Director of Personnel for Coastal Bend, asked Anthony Sanders, Coastal Bend's PC & Network Supervisor, to make hard copies and create a backup of all emails on her Coastal Bend computer. Because Sanders believed information was being wrongfully destroyed, he placed the requested information on two DVDs, giving one copy to Patton and retaining the other copy. It is undisputed that Sanders' actions were taken without the permission or knowledge of either Patton or Coastal Bend. The first DVD contained approximately 10,000 separate documents. Coastal Bend claims that within the 10,000 documents there are at least 935 privileged communications with counsel and that other documents contain social security numbers and other personal and private information. Sanders also copied and preserved additional emails after Patton asked for the original back-up. These copies were retained on a separate DVD.

Because Sanders believed Coastal Bend was not responding to open records requests for the documents and that Coastal Bend was destroying files, he retained counsel to file an application for appointment of receivership regarding the two DVDs.[1] The DVDs were tendered into the court's registry, and Sanders sought the appointment of a receiver to index and catalogue the information on the DVDs so that a determination could be made on whether the documents "are subject to the attorney-client privilege or some other privilege . . . prior to the release to the general public." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 64.031(5) (Vernon 2008) ("Subject to the control of the court, a receiver may: . . . (5) perform other acts in regard to the property as

---

[1] The application states that it was being filed pursuant to Chapter 64.001(a)(6) of the Texas Civil Practice and Remedies Code, which provides that "[a] court of competent jurisdiction may appoint a receiver . . . in any other case in which a receiver may be appointed under rules of equity." TEX. CIV. PRAC. & REM. CODE ANN. § 64.001(a)(6) (Vernon 2008).

authorized by the court."). Sanders' application also asked for an in camera inspection of the documents.

During the next two months, Coastal Bend sent several communications to Sanders' counsel (1) maintaining that the information contained on the DVDs was confidential, attorney-client information; (2) warning counsel not to view or share the information with any other person; and (3) demanding return of the original and any and all copies of the DVDs or hard copies of information taken from the DVDs.

On June 5, 2007, the appellants,[2] who are all current or former employees of Coastal Bend with pending discrimination claims filed with the Equal Employment Opportunity Commission, filed a plea in intervention to Sanders' application for appointment of receivership. Just ten days later, both Sanders and all the intervenors filed a motion to non-suit and the trial court signed an order of non-suit granting the motions and dismissing the cause of action without prejudice. Three days after the non-suit, Sanders' counsel notified Coastal Bend that the trial court's clerk had provided copies of the DVDs to the intervenors' attorneys, the media, and a representative of the Texas Faculty Association.

On June 20, 2007,[3] Coastal Bend filed a motion for a temporary sealing order alleging, among other things, that Sanders did not have the right to the emails or documents contained on the DVDs and the documents contained emails protected by the attorney-client privilege and protected as "information considered to be confidential by law, either constitutional, statutory or by judicial decision," pursuant to Texas Government Code section 552.007. The trial court

---

[2] The pleadings did not include current appellant Donaciano Contreras, but he filed a subsequent plea in intervention raising similar concerns on June 7, 2007.

[3] Texas Rule of Civil Procedure 76a grants continuing jurisdiction to the trial court. More specifically, the rule provides that "Any person may intervene as a matter of right at any time before or **after** judgment to seal or unseal court records. A court that issues a sealing order retains continuing jurisdiction to enforce, alter, or vacate that order." TEX. R. CIV. P. 76a(7) (emphasis added).

granted the temporary sealing order the following day and set a hearing on the motion to seal. After a contested hearing, the trial court entered an order which found in part that: "The two DVDs are not 'court records' within the meaning of Rule 76a because they were filed for in camera inspection by the Court and are, therefore, not open to the public under Rule 76a."

On appeal, appellants raise several challenges to the trial court's sealing order.[4] However, because we believe the question of whether the documents were "court records" as defined by Rule 76a(2) is dispositive, we address only that issue.

### STANDARD OF REVIEW

An appellate court applies an abuse of discretion standard to review a trial court's determination of whether a document filed with the trial court is a "court record" as defined by Rule 76a(2). *Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex. 1998). If the trial court determines the documents are "court records," then the documents are presumed to be open to the general public, and a party moving for a sealing order has the burden to rebut the presumption. *Upjohn Co. v. Freeman*, 906 S.W.2d 92, 96 (Tex. App.—Dallas 1995, no writ).

### "COURT RECORDS" UNDER TEXAS RULE OF CIVIL PROCEDURE 76A

Texas Rule of Civil Procedure 76a broadly defines "court records" as "all documents of any nature filed in connection with any matter before any civil court . . . ." TEX. R. CIV. P. 76a(2)(a). However, Rule 76a contains three exceptions to this broad definition, one of which is applicable here: "documents filed with a court in camera, solely for the purpose of obtaining a ruling on the discoverability of such documents" are not "court records." TEX. R. CIV. P. 76a(2)(a)(1). Therefore, before determining whether documents filed with the court are "court records" subject to being sealed, the trial court must first determine whether the documents are,

---

[4] Rule 76a(8) provides that "Any order (or portion of an order or judgment) relating to sealing or unsealing court records shall be deemed to be severed from the case and a final judgment which may be appealed by any party or intervenor who participated in the hearing preceding issuance of such order." *See* TEX. R. CIV. P. 76a(8).

in fact, "court records" as defined by Rule 76a(2). *Kepple*, 970 S.W.2d at 525. "It is the burden of the party claiming the documents are open to the public to prove by a preponderance of the evidence that the documents are court records as defined by Rule 76a." *Upjohn*, 906 S.W.2d at 96; *see also Roberts v. West*, 123 S.W.3d 436, 440 (Tex. App.—San Antonio 2003, pet. denied) (holding that the party seeking to invoke the requirements of Rule 76a bears the burden). The appellants, therefore, bore the initial burden to establish that the documents in question were "court records" as defined by Rule 76a(2).

### 1.      Tendering the Documents for In Camera Inspection

On appeal, appellants contend the documents are "court records" open to the general public because the DVDs were not tendered to the court "solely for the purpose of obtaining a ruling on the discoverability of such documents." Instead, appellants claim Sanders submitted the documents for in camera inspection only "in the event" the documents were subject to attorney-client privilege. In other words, appellants contend the documents do not come within the scope of any exception under Rule 76a(2)(a) and, therefore, the documents fall within the broad definition of "court records." Appellants also assert the DVDs, as the subject of the application for receivership, are a part of the court record and available for public review. Coastal Bend, on the other hand, argues that the only logical reading of Rule 76a is that simply tendering documents for in camera inspection does not convert the documents into "court records." If that were the case, Coastal Bend argues, the process of tendering documents in camera would be made useless because once tendered, they would become public records. We agree with Coastal Bend.

As the Supreme Court explained, a party must be allowed to tender a document in camera when necessary without converting the document to a "court record." *See Kepple*, 970 S.W.2d at 526. "Were it otherwise, trial courts could not review the documents themselves in determining

how to apply Rule 76a without requiring [the party] to relinquish the very relief sought under the rule." *Id*. Here, the documents were specifically tendered by Sanders for an in camera inspection before release of the information to the public. We therefore hold that tendering the records with the application for receivership did not convert the records to "court records" under Rule 76a(2).

### 2.      Judicial Admission

In their next argument, appellants assert Coastal Bend judicially admitted the documents were "court records" based on Coastal Bend's motion entitled "Coastal Bend College District's Motion to Seal Court Records" and Coastal Bend's reference in its trial brief to the documents as "court records."

A judicial admission must be a "clear, deliberate and unequivocal statement" by a party. *Regency Advantage Ltd. P'ship v. Bingo Idea-Watauga, Inc.*, 936 S.W.2d 275, 278 (Tex. 1996). The title of Coastal Bend's pleading, absent a clear, deliberate and unequivocal statement within the pleading itself that the documents were "court records" as defined by Rule 76a(2), is not a judicial admission. *See Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (stating courts "look to the substance of a motion to determine the relief sought, not merely to its title"). Because Coastal Bend's motion to seal does not contain a "clear, deliberate and unequivocal" statement that the DVDs are "court records" under Rule 76a(2), we hold there was no judicial admission.

Also, assertions of fact, pled in the alternative, do not constitute a judicial admission. *Hughes Wood Prod., Inc. v. Wagner*, 18 S.W.3d 202, 207-08 (Tex. 2000); s*ee also Brooks v. Ctr. for Health Care Servs.*, 981 S.W.2d 279, 283 (Tex. App.—San Antonio 1998, no pet.) ("Because the allegations regarding intent were pled in the alternative, they do not constitute judicial admissions."). Therefore, Coastal Bend's alternative argument in its trial brief that the sealing

requirements of Rule 76a(1) had been satisfied did not amount to a judicial admission that the documents were "court records" under Rule 76a(2).

**3.      Temporary Sealing Order**

Appellants next assert the trial court made a finding in its temporary sealing order that the documents were "court records" and Coastal Bend is judicially estopped from taking a position contrary to that finding.   Appellants' characterization of the temporary sealing order is incorrect.[5]   The trial court did not make any factual findings or reach any determination with regard to whether the documents constitute "court records" under Rule 76a(2).  To the contrary, the order appears to use the term "court records" in its ordinary sense and not as the term in defined under Rule 76a(2)(a).

## CONCLUSION

We conclude the trial court's determination that the DVDs were not "court records" is neither arbitrary nor unreasonable; therefore, the court did not abuse its discretion in concluding the documents were not available to the general public.  Because the documents are not "court

---

[5]  The temporary sealing order reads, in pertinent part, as follows:

> Coastal Bend College District proved a compelling need for a temporary sealing order and demonstrated that delay in sealing would result in immediate and irreparable harm to [sic] because the DVDs tendered to the registry of the court contain highly confidential, attorney-client privileged communications related to currently pending and/or reasonably anticipated claims or litigation filed against the District.  If nothing else, the release of this information would effectively destroy any defenses of the District to the claims and anticipated litigation, causing the District to incur huge monetary losses from which, given the current circumstances, it likely will never recover.
> THEREFORE, the court orders the following ***court records*** in this cause temporarily sealed . . . .

(Emphasis added.)

records" open to the public, further analysis under Rule 76a is unnecessary.[6]  We therefore affirm the trial court's judgment.[7]

Sandee Bryan Marion, Justice

---

[6]  Because our determination that the documents are not "court records" is dispositive, we need not address the appellants' remaining issues.  TEX. R. APP. P. 47.1.

[7]  On appeal, Coastal Bend asserts appellants stole documents from Coastal Bend and used the receivership and intervention proceedings to attempt to "launder" the stolen documents into legitimate "court records."  Because we are constrained by the absence of an appellate record or any trial court findings regarding this assertion, we do not express any opinion on the issue.  Thus, our decision should not be construed as a statement on the propriety of Sanders' application for appointment of receivership or appellants' intervention.