**Reversed and Remanded and Opinion Filed July 1, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00745-CV

## IN THE INTEREST OF S.M.B., A CHILD

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-51444-2008**

## MEMORANDUM OPINION
Before Chief Justice Wright and Justices Brown and Stoddart
Opinion by Chief Justice Wright

Appellant Stephen Aaron Bergenholtz challenges the trial court's May 19, 2014 Order to Unseal Records (the Order), which unseals the file in this suit affecting the parent child relationship. In a single issue, appellant contends the trial court erred in granting appellee Josephine Donna Eskenazi's Motion for Court to Unseal Court Records (the Motion). We agree, and we reverse the trial court's Order.

Throughout proceedings below, the file in this case has been sealed by agreement of the parties and order of the trial court. Initially, the parties entered into an Agreed Confidentiality Order, which the trial court signed. Subsequently, the parties entered into an Agreement Incident to Divorce (the AID), which included—as a "material term of the parties' settlement"—an agreement to seal all testimony and documentary evidence in the case; this provision was incorporated into the trial court's Final Decree of Divorce (the Decree). The trial court ordered

that the entire file was to be sealed as soon as possible after entry of the Decree. When the parties later resolved issues concerning property division with a settlement agreement, they specifically incorporated the confidentiality provisions set forth in the AID and the Decree. None of the parties' agreements referred to or relied on rule 76a or any other rule or statutory basis for sealing the file.

Approximately three years later, appellee filed the Motion, stating:

> The circumstances of the parties and children [have] substantially changed since entry of the order sealing the court records in this cause and the court records should be unsealed.

In the Motion, appellee speaks primarily to changes brought about by electronic filing. She contends she is unable to obtain copies of "pleadings, affidavits, and CDs in order to review these documents and respond appropriately" because of the sealing order. She states she cannot review the court's docket online and cannot obtain the docket through the District Clerk. And she states she cannot verify that documents have been filed or verify court settings. Her counsel, she argues, cannot adequately represent her because of the sealing order. Appellee also represents that the parties' youngest child was to graduate from high school and leave for college last fall, so "[t]here is no further need to protect the child from the pleadings and documents on file with the Court." The trial court granted the Motion over appellant's objection.

The single legal authority cited in the Motion is rule 76a of the Texas Rules of Civil Procedure. Appellant contends his appeal is proper under rule 76a, which provides:

> Any order (or portion of an order or judgment) relating to sealing or unsealing court records shall be deemed to be severed from the case and a final judgment which may be appealed by any party or intervenor who participated in the hearing preceding issuance of such order.

TEX. R. CIV. P. 76a(8). We agree that we have jurisdiction to determine whether the trial court properly ordered the court's file unsealed under rule 76a. *See id.* We review the Order for an abuse of discretion. *Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex. 1998).

–2–

In his sole issue, appellant argues that the records making up the file in this case are not subject to rule 76a. That rule states that "court records, as defined in this rule, are presumed to be open to the general public," and it sets forth limited circumstances and procedures for overcoming this presumption. TEX. R. CIV. P. 76a(1). If a party contests whether documents at issue are court records within the meaning of rule 76a, the trial court must make a threshold determination of whether the documents fall within the scope of the rule. *Upjohn Co. v. Freeman*, 906 S.W.2d 92, 96 (Tex. App.—Dallas 1995, no writ). The rule's definition of court records is sweeping in the first instance: "all documents of any nature filed in connection with any matter before any civil court." TEX. R. CIV. P. 76a(2)(a). However, the rule makes three exceptions to this broad category, and one of those exceptions is for "documents filed in an action originally arising under the Family Code." TEX. R. CIV. P. 76a(2)(a)(3). All documents in the file in this case were filed in an action originally arising under the Family Code, namely a divorce involving children. Thus, the documents are not court records within the meaning of rule 76a, and the file in this case is not subject to rule 76a. TEX. R. CIV. P. 76a(1), 76a(2)(a)(3); *see also Monsanto Co. v. Davis*, No. 10-02-00208-CV, 2004 WL 859159, at *1 (Tex. App.— Waco April 21, 2004, no. pet.) ("Rule 76a pertains *only* to the sealing or unsealing of court records.").

We conclude the trial court abused its discretion by unsealing the file pursuant to rule 76a when the documents in this file are not court records within the meaning of rule 76a. Any claim that the file could be properly unsealed pursuant to any other law is not a proper subject of this appeal. *See Monsanto Co.*, 2004 WL 859159, at *1.

We sustain appellant's sole issue and reverse the Order of the trial court.

140745F.P05

/Carolyn Wright/

CAROLYN WRIGHT
CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF S.M.B., A Child

No. 05-14-00745-CV

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-51444-2008.
Opinion delivered by Chief Justice Wright.
Justices Brown and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings..

It is **ORDERED** that appellant Stephen Aaron Bergenholtz recover his costs of this appeal from appellee Josephine Donna Eskenazi.
.

Judgment entered July 1, 2015.