# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00308-CV

**Stetson Roane, Appellant**

**v.**

**Halcy Martin Dean, Appellee**

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-005721, THE HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Stetson Roane appeals from the district court's order denying his motion to seal certain court records. Because Roane did not meet his burden to show "a specific, serious and substantial interest which clearly outweighs" the "presumption of openness" for court records, *see* Tex. R. Civ. P. 76a(1)(a)(1), we affirm.

## BACKGROUND

In 2018, Halcy Martin Dean, an employee for Seguin Independent School District (Seguin ISD), sued Roane, Seguin ISD's superintendent, for intentional infliction of emotional distress. In her petition, Dean alleged that Roane accompanied Dean to her hotel room following a 2017 professional conference and made unwanted statements and sexual advances that were intended to cause her emotional distress. Dean also asserted that she filed an administrative complaint with Seguin ISD (the Complaint) and that Roane was placed on administrative leave.

Roane responded to Dean's petition with a plea to the jurisdiction asserting that Dean's claim is preempted by the Texas Labor Code. As exhibit C in support of his plea, Roane served the Complaint on Dean's counsel but did not file the exhibit pursuant to an agreed protective order and subject to the granting of a sealing order under Rule 76a. Roane then filed an unopposed motion to seal the Complaint. As background, Roane alleged that the Complaint initially was requested by the media; Seguin ISD sought an Attorney General opinion as to whether the Complaint had to be disclosed under the Public Information Act (PIA); the Attorney General ordered disclosure; Roane filed a lawsuit in Travis County to prevent disclosure (the PIA Lawsuit); the district court affirmed the Attorney General's decision on summary judgment, but entered an agreed protective order sealing the Complaint for transmission "to any court of appeals as part of the clerk's record" (the PIA Order); and Roane appealed the order to the Fourteenth Court of Appeals on transfer from this Court. To support his motion to seal in this case, Roane attached his supporting affidavit, the PIA Order, and the agreed protective order. In his affidavit, Roane testified:

> There is a compelling need to maintain confidentiality of this information and for the sealing of these records from public access and inspection on a temporary basis because the document contains allegations of highly intimate or embarrassing facts and was sealed by court order in Cause No. D-1-GN-17-001843, *Stetson Roane v. The Honorable Ken Paxton, et al*. As a result, immediate and irreparable injury will result to my privacy interests before notice can be posted and a hearing can be held.

Dean did not oppose the sealing of the Complaint.

At the hearing on the motion to seal, Roane asserted that the "specific, serious, and substantial interest" that "clearly outweighs" the presumption of openness—the threshold burden required by Rule 76a for court records to be sealed, *see* Tex. R. Civ. P. 76a—is "the

interest of maintaining the status quo and allowing the litigation process to play itself out in that separate [PIA] [L]awsuit." He claimed that he "has put forth considerable effort to assert his rights under the law to get a ruling" in the PIA Lawsuit and that it would be "an injustice to allow this to circumvent what he's put so much time and effort for in the other litigation." The district court, however, stated that it has the obligation under Rule 76a "to play the devil's advocate because nobody else is going to do that here." The court then noted that the PIA Lawsuit goes to "whether or not [the Complaint] has to be released under the [PIA]," which is "a different standard, different statute, different rule" from Rule 76a. Accordingly, the district court stated, "I think they are entirely different questions, and the decision here if it shouldn't be sealed may moot the question over there, but it's not interfering with the jurisdiction of the court of appeals over there because they're not answering this question."

The district court then denied Roane's motion to seal court records, stating in an order, "Upon its independent review, the court finds that the disclosure of Exhibit C to Defendant's Plea to the Jurisdiction would not affect a specific, serious, and substantial interest that clearly outweighs the presumption that court records are open to the general public." Roane appeals from this order. *See id.* R. 76a(8) (providing for appeal from order relating to sealing or unsealing court records). During the pendency of this appeal, the Fourteenth Court of Appeals affirmed the district court's decision in the PIA Lawsuit in favor of disclosure. *See Roane v. Paxton*, No. 14-18-00264-CV, 2020 WL 428861, at *1 (Tex. App.—Houston [14th Dist.] Jan. 28, 2020, no pet. h.) (mem. op.).

3

## RULE 76A AND STANDARD OF REVIEW

Rule 76a provides the standard for sealing court records and provides that court records "are presumed to be open to the general public." Tex. R. Civ. P. 76a(1).[1] "The party moving for the sealing order then has the burden to rebut the presumption in order to seal the records." *Upjohn Co. v. Freeman*, 906 S.W.2d 92, 96 (Tex. App.—Dallas 1995, no writ). The presumption of openness may be rebutted "only upon a showing of all of the following":

(a) a specific, serious and substantial interest which clearly outweighs:

(1) this presumption of openness;

(2) any probable adverse effect that sealing will have upon the general public health or safety;

(b) no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted.

Tex. R. Civ. P. 76a(1)(a)–(b). Rule 76a also requires that a motion to seal court records "shall be decided by written order," and the sealing order shall state "the specific reasons for finding and concluding whether the showing required by paragraph 1, has been made." *Id.* R. 76a(6).

In reviewing a district court's determination as to the extent to which information should be restricted from the public under Rule 76a, we employ an abuse of discretion standard. *See General Tire, Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex. 1998). "A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles." *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003). Thus, the pertinent question here "is whether the judge acted unreasonably and arbitrarily in concluding that [the movant] had failed to carry its burden [under Rule 76a(1)] as to at least one essential element."

---

[1] The parties do not dispute that the Complaint constitutes a court record subject to the presumption of openness for purposes of this lawsuit.

4

*McAfee, Inc. v. Weiss*, 336 S.W.3d 840, 844 (Tex. App.—Dallas 2011, pet. denied) (citing *Upjohn Co.*, 906 S.W.2d at 95).

## DISCUSSION

In two issues, Roane claims the district court abused its discretion. First, Roane asserts that he met Rule 76a's standard for sealing court records. Second, Roane alleges that the district court failed to state in its order "the specific reasons for finding and concluding whether the showing required by paragraph 1, has been made," as required by Rule 76a.

In his first issue, Roane states that his "interest in sealing Exhibit C is simply that, allowing public disclosure due to Rule 76a's presumption would absolutely and forever nullify his right to a ruling in the pending PIA Litigation" and that his "time and effort he has put into maintaining the confidentiality of the document will have been wasted, all without ever getting a final decision." But Roane has not shown how "time and effort" already spent in the PIA Lawsuit is more than a sunk cost and constitutes a present "specific, serious and substantial interest." Moreover, Roane admits that he "has never argued that the standards for protection under the PIA and for sealing under Rule 76a are the same." Thus, even if the Complaint is confidential under the PIA, Rule 76a's standard may not necessarily be satisfied.[2] To satisfy

---

[2] For similar reasons, Roane's reliance on section 552.3221 of the Texas Government Code is unavailing. Section 552.3221 exempts from the requirements of Rule 76a documents filed with the court for in camera inspection under that section in PIA litigation, but it does not apply to the Complaint in *this* case that was not filed under the PIA. *See* Tex. Gov't Code § 552.3221(a) (noting that section applies "[i]n any suit filed under this chapter"), (d) ("Information filed with the court under this section does not constitute 'court records' within the meaning of Rule 76a[.]"). Roane claims that he is not arguing that section 552.3221 "absolutely pre-empts Rule 76a across all lawsuits"; rather, he claims that he is arguing that "as currently written, § 552.3221 recognizes an interest that is within the realm of those that should be protected under Rule 76a." But section 552.3221 does not automatically recognize "a specific, serious and substantial interest" as required by rule 76a. *See* Tex. R. Civ. P. 76a(1).

Rule 76a's standard, the reasons and evidence allegedly supporting the confidentiality of the document under the PIA must also show that there exists "a specific, serious and substantial interest" that "clearly outweighs" the "presumption that court records are open to the general public." *See* Tex. R. Civ. P. 76a(1). But Roane does not discuss in this case the reasons and evidence that would allegedly support the confidentiality of the Complaint in the PIA Lawsuit—e.g., he does not discuss any privacy interests that might be implicated. Accordingly, the mere fact that Roane may receive a favorable ruling in his PIA Lawsuit—which he so far has not yet received—would fail to establish Rule 76a's threshold standard. And if the possibility of a favorable ruling in the PIA Lawsuit would not make such a showing, we fail to see how the fact that Roane's PIA Lawsuit is pending or may be mooted would overcome the presumption of openness as required by Rule 76a. We therefore conclude that the district court did not abuse its discretion in determining that "the court finds that the disclosure of Exhibit C . . . would not affect a specific, serious, and substantial interest that clearly outweighs the presumption that court records are open to the general public."[3] We overrule Roane's first issue.

Regarding Roane's second issue, on this record and in the context of a district court's decision denying a motion to seal court records, we conclude that the order satisfies the requirement that the written order states "the specific reasons for finding and concluding whether the showing required by paragraph 1, has been made." *See id.* R. 76a(6). In contrast to other

---

Section 552.3221 provides a mechanism for a court to conduct "in camera inspection as is necessary for the adjudication of the case," *see* Tex. Gov't Code § 552.3221(a), without requiring the information at issue to become publicly accessible under Rule 76a, *see id.* § 552.3221(d).

[3] Roane argues that there was no controverting evidence for the district court to rely on in exercising its discretion to deny the motion to seal. But Roane bore the burden to produce evidence sufficient to establish Rule 76a's standard regardless of whether there was any controverting evidence.

procedural requirements of "paragraph 1"—e.g., that the document is a court record, that the interest clearly outweighs "any probable adverse effect that sealing will have upon the general public health or safety," and that there is "no less restrictive means" to protect the interest asserted—the district court specifically identified as the reason for denying the motion to seal that the disclosure "would not affect a specific, serious, and substantial interest which clearly outweighs the presumption that court records are open to the general public." *See id.* R. 76a(1). Roane cites *Clear Channel Communications, Inc. v. United Services Automobile Ass'n*, 195 S.W.3d 129, 137 (Tex. App.—San Antonio 2006, no pet.), as his primary authority to argue that the order was insufficient. But *Clear Channel* is inapposite. In *Clear Channel*, the trial court ordered records to be sealed without complying with Rule 76a at all: the order was not preceded by a motion, notice, and hearing as required by the Rule 76a; the order did not identify which portions of the court records are to be sealed; and the order did not state *any* reasons for sealing the records. *See id.* at 131, 136–37. Here, in contrast, the district court complied with the procedural prerequisites and specified the reason it denied Roane's motion to seal under Rule 76a. Accordingly, we overrule Roane's second issue.

## CONCLUSION

Having overruled Roane's issues on appeal, we affirm.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Kelly, and Smith

Affirmed

Filed: April 30, 2020