**In re KAISER FOUNDATION HEALTH PLAN OF TEXAS, Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan, Inc., Relators.**

No. 05–98–01132–CV.

Court of Appeals of Texas, Dallas.

Aug. 27, 1998.

R. Brent Cooper, John A. Scully, Paige A. Lueking, Michelle E. Robberson, Cooper & Scully, P.C., Dallas, Vincent S. Walkowiak, D. Todd Smith, Fulbright & Jaworski, Dallas, for Relator.

George L. Allen, Sr., Dallas, for Respondent.

William D. Sims, Jr., Thomas S. Leatherbury, Michael L. Raiff, Vinson & Elkins, L.L.P., Dallas, Tony David Crabtree, Randall R. Moore, Hyatt Crabtree & Moore, P.C., Dallas, R. Michael McCauley, McCauley MacDonald & Devin, P.C., Dallas, for Real Parties in Interest.

Before MALONEY, CHAPMAN and WRIGHT, JJ.

## OPINION AND ORDER

MALONEY, Justice.

Relators filed a petition for writ of mandamus and a motion to stay trial court proceedings. In the petition, Relators contend the trial court erred in setting a rule 76a hearing to determine whether certain documents were "court documents" subject to disclosure. Specifically, relators contend no rule 76a order was entered in the underlying case before its dismissal and the trial court has no extended jurisdiction to consider "modification" of a rule 11 agreement after its plenary jurisdiction expired. Real party in interest, intervenor Dallas Morning News Inc. (DMN), filed a response entitled "RESPONSE TO RELATORS' MOTION FOR TEMPORARY

RELIEF." DMN's response also addresses the merits of the petition.[1] Intervenor maintains that the parties' rule 11 discovery agreement equates to a sealing order under rule 76a. Consequently, the trial court has continuing jurisdiction under rule 76a(7) to hear the rule 76a motion. This Court stayed the trial court proceedings pending a decision in this mandamus action. We now conditionally grant the writ.

The underlying lawsuit was filed in the 14th District Court of Dallas County, Texas. The parties to that suit agreed to maintain confidentiality of certain documents exchanged between the parties. The agreement was signed and filed of record as a rule 11 agreement to insure enforceability. The parties attended a court-ordered summary jury trial. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 154.021(a)(3), 154.026 (Vernon 1997). After the summary jury trial, the parties settled all their claims. The trial court dismissed the underlying suit with prejudice on January 14, 1998. On May 6, 1998, DMN intervened and filed a rule 76a motion to obtain documents introduced at the summary jury trial and unfiled discovery under the rule 11 agreement. The trial court found it had jurisdiction to hear the motion and set a hearing to determine if the documents sought are court records within the meaning of rule 76a.

## SUMMARY JURY TRIAL EVIDENCE

◼ As a matter of law, any documents introduced in a summary jury trial proceeding are not subject to a rule 76a request. *See* TEX.R. CIV. P. 76a(2)(a)(2); TEX. CIV. PRAC. & REM.CODE ANN. § 154.073 (Vernon 1997). Therefore, under the law, intervenor cannot request disclosure of any documents offered at the summary jury trial under rule 76a.

## THE TRIAL COURT'S JURISDICTION

◼ A trial court has only that jurisdiction given to it by the constitution, stat-utes, or court rules. TEX. CONST. art. V § 8; *see State v. Morales* 869 S.W.2d 941, 942 (Tex.1994). A trial court has jurisdiction over a pending case for thirty days after a final judgment is entered unless a statute or court rule extends that time. TEX.R. CIV. P. 329b, 306a; *see also Womack–Humphreys Architects, Inc. v. Barrasso,* 886 S.W.2d 809, 812 (Tex.App.— Dallas 1994, writ denied).

The rules give the parties to a lawsuit a vehicle for enforcing their private agreements. TEX.R. CIV. P. 11. The rules, however, do not grant the trial court continuing jurisdiction over rule 11 agreements.

Rule 76a specifies the strict procedures required to seal or unseal court records. *See* TEX.R. CIV. P. 76a. Any time the trial court restricts disclosure of court records produced during discovery, the trial court must satisfy the strict procedures of rule 76a. *See General Tire, Inc. v. Kepple,* 970 S.W.2d 520, 523-25 (1998).

◼ Here, the trial court issued no order on the rule 11 agreement. Neither party nor the court used rule 76a's strict procedures of notice and open hearings. The trial court issued no orders sealing any records. Because the trial court and the parties did nothing to invoke rule 76a, we cannot say that this rule 11 agreement is subject to rule 76a(7).

The trial court dismissed, with prejudice, the underlying suit on January 14, 1998. It was not until May 6, 1998 that DMN intervened. The trial court lost its plenary jurisdiction on February 14, 1998. Once the trial court's plenary jurisdiction expired, the trial court had no authority over this lawsuit unless the statutes or court rules extended its jurisdiction.

DMN would have this Court apply rule 76a procedures to rule 11 agreements, as the *Kepple* court applied rule 76a procedures to 166b protective orders. This, we decline to do. Unlike rule 11, rule 166b

---

1. We consider this response also as a response to both the motion to stay proceedings and the petition for mandamus.

expressly provides that rule 76a applies to protective orders issued under 166a. TEX.R. CIV. P. 166b(5)(c). Additionally, DMN cites us to no authority applying rule 76a to rule 11 agreements, and we have found none. We decline DMN's invitation to convert a rule 11 agreement into a rule 76a order sealing records.

We conclude the trial court abused its discretion in assuming jurisdiction over a rule 11 motion after its plenary jurisdiction expired. This Court conditionally **GRANTS** the writ and orders the trial court to vacate its order setting hearing on the rule 76a motion and to take no further action with regard to the motion. If the trial court enters an order complying, the writ of mandamus will not issue. The trial court is directed to file a certified copy of its order vacating the setting with this Court no later than September 15, 1998.