FILED IN 519
COURT OF APPEALS

DEC 2 0 1999

LISA MATZ
CLERK, 5th DISTRICT 1312



## THE SUPREME COURT OF TEXAS

Post Office Box 12248
Austin, Texas 78711

December 16, 1999

Mr. R. Michael McCauley, Jr.
McCauley MacDonald & Devin
1201 Elm Street, Suite 3800
Dallas, TX  75270-2014

Mr. Tony D. Crabtree
Hyatt Crabtree & Moore
5910 N. Central Expwy, Suite 680
Dallas, TX  75206

Ms. Robbi B. Hull
Vinson & Elkins
600 Congress Avenue, Suite 2700
Austin, TX  78701-3200

Mr. John A. Scully
Cooper & Scully
900 Jackson Street, Suite 100
Dallas, TX  75202-3793

Mr. R. Brent Cooper
Cooper & Scully
900 Jackson Street, Suite 100
Dallas, TX  75202

RE:   Case Number 98-0907
      Court of Appeals Number: 05-98-01132-CV
      Trial Court Number: 96-5690-A

Style:  IN RE  THE DALLAS MORNING NEWS, INC.

Dear Counsel:

Today, the Supreme Court of Texas delivered the enclosed opinions in the above-referenced cause. Enclosed also is the judgment of the Supreme Court of Texas as said judgment appears in the Minutes of this Court. This is the judgment that will issue in mandate form to the lower court if no motion for rehearing is filed or if a filed motion for rehearing is overruled.

Sincerely,

John T. Adams, Clerk

by *Elizabeth A. Saunders*
Elizabeth A. Saunders
Chief Deputy Clerk

Enclosures



# THE SUPREME COURT OF TEXAS

Post Office Box 12248
Austin, Texas 78711

(512) 463-1312

cc:    Ms. Lisa Rombok, Clerk
      Mr. Jim Hamlin
      The Honorable Frances Maloney

# IN THE SUPREME COURT OF TEXAS

No. 98-0907

IN RE THE DALLAS MORNING NEWS, INC., RELATOR

ON PETITION FOR WRIT OF MANDAMUS

**PER CURIAM**

JUSTICE ABBOTT issued a concurring opinion in which JUSTICE ENOCH, JUSTICE HANKINSON, and JUSTICE O'NEILL joined.

JUSTICE GONZALES issued a concurring opinion in which CHIEF JUSTICE PHILLIPS, JUSTICE HECHT, and JUSTICE OWEN joined.

JUSTICE BAKER issued an opinion concurring in part and dissenting in part.

Irene P. Henderson and others (collectively "Henderson") sued the Kaiser Foundation Health Plan of Texas, Kaiser Foundation Hospitals, and the Kaiser Foundation Health Plan, Inc. (collectively "Kaiser") alleging that Kaiser compromised the quality of care given to members of its health maintenance organization in an effort to cut costs and boost profits. To facilitate discovery, the parties agreed that Henderson would not disclose any documents produced and designated by Kaiser as confidential. The written agreement was filed with the court in compliance with Rule 11 of the Texas Rules of Civil Procedure, the rule governing agreements about pending

litigation.[1] Kaiser produced numerous documents to Henderson under the rule 11 agreement without seeking either a rule 166b(5) protective order or a rule 76a sealing order.[2] Several months after the parties filed their rule 11 agreement, the court conducted a summary jury trial. After the jury returned a $62 million verdict for Henderson, Kaiser and Henderson settled their claims for $5.3 million, and the district court dismissed the suit with prejudice.

Nearly three months after the district court's plenary jurisdiction expired, The Dallas Morning News, Inc. intervened in the case under rule 76a and moved for access to documents used in the *Henderson* suit. The News sought access to some of the unfiled discovery that was the subject of the rule 11 agreement, as well as exhibits introduced at the summary jury trial. Kaiser moved to strike the News's intervention. After a hearing, the trial court concluded that, although it had not rendered a sealing order, it had continuing jurisdiction under rule 76a(7) to determine whether the documents sought were "court records" as defined by the rule, and ordered a hearing set to make this determination.

Kaiser petitioned the court of appeals for mandamus relief to have the order set aside, contending that the district court was without jurisdiction to issue it. Kaiser also filed a notice of appeal. In the mandamus proceeding, the court of appeals concluded that a motion seeking access to documents governed by a rule 11 agreement did not give the district court jurisdiction under rule

---

[1] All references to rules are to the Texas Rules of Civil Procedure.

[2] Former rule 166b(5)(c) allowed discovery to be sealed by protective order in accordance with rule 76a's provisions. TEX. R. CIV. P. 166b(5)(c) (repealed 1999); *see General Tire, Inc. v. Kepple*, 970 S.W.2d 520, 524 (Tex. 1988). Rule 192.6 has replaced rule 166b(5) without changing this requirement. TEX. R. CIV. P. 192.6(b)(5).

2

76a. Therefore, the court of appeals granted Kaiser's petition and directed the district court to vacate its order setting a hearing on the rule 76a motion and to take no further action on the motion.[3] As far as the record before us shows, the appeal remains pending.

The News then petitioned this Court for mandamus against the court of appeals. 42 Tex. Sup. Ct. J. 154, 156 (Nov. 19, 1998). The Court concludes that the court of appeals should not have granted mandamus relief. Accordingly, the court of appeals is directed to withdraw its order and deny Kaiser's petition for mandamus. The writ will issue only if the court of appeals fails to respond promptly.

Opinion delivered: December 16, 1999

---

[3] *In re Kaiser Foundation Health Plan*, 997 S.W.2d 605 (Tex. App.—Dallas 1998, orig. proceeding).

# IN THE SUPREME COURT OF TEXAS

No. 98-0907

IN RE THE DALLAS MORNING NEWS, INC., RELATOR

ON PETITION FOR WRIT OF MANDAMUS

**Argued on March 3, 1999**

JUSTICE GONZALES concurring, in which CHIEF JUSTICE PHILLIPS, JUSTICE HECHT, and JUSTICE OWEN join.

The Court unanimously agrees that the court of appeals abused its discretion by issuing mandamus. I believe that because the real party in interest here had an adequate remedy by appeal, the court of appeals abused its discretion by intervening. I would not go so far as Justice Baker, who contends that every order rendered in connection with a Texas Rule of Civil Procedure 76a matter is immediately appealable. Nor can I join Justice Abbott's position that despite the existence of an appellate remedy, mandamus is appropriate to decide the substantive issue about jurisdiction. I would not resolve the rule 76a issues in this case piecemeal, but reserve opinion about them for an appeal should one prove necessary.

## I

In the present controversy, The Dallas Morning News, Inc. is seeking access to documents used in a lawsuit by several individuals against certain health maintenance organizations and related entities and persons. After a jury trial the case settled and the trial court dismissed it. About four months later, the Morning News intervened and moved for court-ordered access to documents

involved in the prior litigation. One group of defendants, Kaiser Health Plan of Texas and others, moved to strike the Morning News' intervention. After a hearing on Kaiser's motion to strike the intervention, the trial court recited that it had jurisdiction under rule 76a(7), denied Kaiser's motion to strike, and set a hearing date to decide if the requested documents are "court records" as that term is used in rule 76a. Kaiser sought mandamus from the court of appeals and also filed a notice of appeal. Concluding that the trial court lacked jurisdiction, the appellate court granted a writ ordering the trial court to vacate the setting. Kaiser's appeal remains pending in the court of appeals.

## II

The threshold question is whether a mandamus petition was a proper vehicle to challenge the trial court's order assuming jurisdiction and setting a hearing date to determine if certain documents are court records potentially disclosable under rule 76a. Mandamus is an extraordinary remedy, available only if the relator shows (1) an abuse of discretion and (2) the lack of an adequate appellate remedy. *See Walker v. Packer*, 827 S.W.2d 833, 840-44 (Tex.1992). Reviewing courts must not issue mandamus to control or correct a trial court's incidental ruling if the harm, if any, can be remedied on appeal. *See Abor v. Black*, 695 S.W.2d 564, 566 (Tex. 1985). Rule 76a(8) expressly provides for an appellate remedy:

> 8. Appeal. Any order (or portion of an order or judgment) relating to sealing or unsealing court records shall be deemed to be severed from the case and a final judgment which may be appealed by any party or intervenor who participated in the hearing preceding issuance of such order. The appellate court may abate the appeal and order the trial court to direct that further public notice be given, or to hold further hearings, or to make additional findings.

TEX. R. CIV. P. 76a(8).

Despite the existence of an appellate remedy, the court of appeals held that mandamus was

2

proper because the trial court's plenary jurisdiction over the original lawsuit had expired and that the Morning News' motion did not allege grounds for the trial court's continuing jurisdiction under rule 76a(7). I recognize that previously we have held that mandamus is proper to remedy an order granting a new trial after the trial court's plenary power expired. *See In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998). However, I disagree with Justice Abbott's position that an order entertaining a rule 76a motion is analogous to an order granting a new trial on the merits. If a trial court grants a new trial after its plenary power has expired, the parties are forced to needlessly relitigate the same issues. *See Buttery v. Betts*, 422 S.W.2d 149, 151 (Tex. 1967). Proceedings following a void new trial order not only waste everyone's time and resources, they add nothing that could change the result on appeal. A plea to the jurisdiction, however, is generally made at the pleading stage. *See* 2 MCDONALD TEXAS CIVIL PRACTICE § 9:11, at 307-08 (Allen et al. eds., 1992 ed.). If the trial court denies the plea, the appellate court will consider the issue on appeal in light of a fully developed record. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 478 (Tex. 1993); *Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 804 (Tex. 1989).

Although a rule 76a proceeding involves prior or ongoing litigation, it is a quasi-independent proceeding. Persons disinterested in the outcome of the underlying litigation, such as the media, may intervene as a matter of right. *See* TEX. R. CIV. P. 76a(7). The court in a rule 76a proceeding resolves distinct issues limited to the question of sealing or unsealing documents. The trial court has not yet reached any of these issues, because the proceedings have been interrupted at the pleading stage.

Thus, Kaiser's challenge to the trial court's jurisdiction is more in the nature of a plea to the trial court's jurisdiction to entertain a rule 76a matter. Generally, appeal is adequate to remedy a trial

3

court's denial of a plea to jurisdiction. *See In re Bay Area Citizens Against Lawsuit Abuse*, 982 S.W.2d 371, 375 (Tex. 1998). Mandamus should not issue when appeal is an adequate remedy. *See id.*

## III

Justice Baker concludes that Kaiser's appeal, presently pending in the court of appeals, demonstrates that Kaiser possesses an adequate appellate remedy. While I agree that Kaiser's appellate remedy is adequate, I disagree that the appeal presently pending is ripe.

Justice Baker argues that rule 76a(8)'s statement that a party may appeal "any order" or portion of an order "relating to sealing or unsealing," means any order is immediately appealable. Such a construction leads to the absurd result that every decision a trial court makes involving rule 76a proceedings, no matter how routine or trivial, may be immediately appealed. A court only acts through its orders and judgments. *See City of Hurst v. City of Colleyville*, 501 S.W.2d 140, 143 (Tex. Civ. App.—Fort Worth 1973, writ ref'd n.r.e.). Moreover, under this construction, every ruling is deemed severed and final as soon as it is rendered. Consequently, the appellate timetable would immediately begin to run on every order when the trial court signs it. The rules do not contemplate such a chaotic appellate system.

We may not read the phrase "any order . . . relating to sealing or unsealing" in isolation from the rest of the rule. We derive the meaning of the rule as a whole and not from isolated phrases. *See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990). I conclude that the rule, when read as a whole, means that once a trial court renders an order fully disposing of a rule 76a motion, then that order and all related matters may then be appealed. First, subsection (8) anticipates that the appeal will be taken only after a rule 76a hearing, because it provides for an appeal "by any party or

4

intervenor who participated *in the hearing preceding issuance of such order*." TEX. R. CIV. P. 76a(8)(emphasis added). Second, the rule suggests an appeal of an order following a rule 76a(4) hearing, not a hearing on some tangential matter. Third, the rule contemplates a hearing following public notice required by rule 76a(3). Fourth, the remainder of rule 76a(8) provides for abatement of an appeal for "further public notice," "further hearings," and "additional findings." These provisions are inconsistent with an appeal of an order merely setting a hearing.

Rule 76a(6) also militates against a construction that "any" order relating to sealing or unsealing is appealable. Subsection (6) provides the prerequisites of an order on a "motion relating to sealing or unsealing court records." Despite its broad language, the rule cannot apply to ancillary motions that arguably relate to sealing or unsealing court records, such as the order here setting a hearing. Under subsection (6), the trial court must make findings about the reasons for sealing or unsealing court records, and the time period they will remain sealed. Such requirements are nonsensical if applied to an order setting a hearing date. Consequently, when read in context, rule 76a(8) must be construed as providing for an appeal only after the trial court has issued an order granting or denying the relief the Morning News requested under rule 76a.

Thus, Kaiser must wait to assert its appellate remedy, but that fact alone does not make appeal inadequate; "an appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ." *See Walker*, 827 S.W.2d at 842 (Tex. 1992). Kaiser did not allege any special circumstances showing that appeal is an adequate remedy. Consequently, the court of appeals should not have issued mandamus.

## IV

Because Kaiser has not shown an inadequate appellate remedy, we need not consider whether

the trial court abused its discretion. *See Bay Area Citizens*, 982 S.W.2d at 375. While the Court agrees on the existence of an appellate remedy, Justice Abbott contends that mandamus is appropriate to resolve the jurisdictional disputes here, presumably for judicial efficiency. I disagree for the same reasons we do not review pleas to jurisdiction by mandamus. If his view were to prevail, we may expect that relators will routinely claim jurisdictional problems to obtain mandamus review of rule 76a proceedings. It would be premature to decide the rule 76a issues at this incipient stage of the controversy. The trial court should be permitted to proceed and decide the issues before it. Once it has done so, if an appeal is still necessary, the appellate court can resolve all issues at once, on a fully developed record.

## V

To summarize, rule 76a(8) provides for an appellate remedy that can only be exercised after a trial court has issued an order finally adjudicating a rule 76a motion. If the trial court should issue some interim order which causes harm that cannot be undone on appeal, then perhaps mandamus would be appropriate. Without such a showing, however, the appellate courts should not get involved until the trial court renders an order deciding the merits of the Morning News' motion. Because the court of appeals abused its discretion, I concur with the Court's decision to conditionally grant the writ.

Alberto R. Gonzales
Justice

OPINION ISSUED: December 16, 1999

6

# IN THE SUPREME COURT OF TEXAS

No. 98-0907

IN RE THE DALLAS MORNING NEWS, INC., RELATOR

ON PETITION FOR WRIT OF MANDAMUS

**Argued on March 3, 1999**

JUSTICE BAKER, concurring and dissenting.

The issue in this case is the relief available to a party challenging a trial court's order assuming jurisdiction and ordering a hearing under Rule 76a of the Texas Rules of Civil Procedure. I agree with Justice Gonzales' conclusion that Rule 76a(8) mandates an appeal, not mandamus, from Rule 76a orders. But Justice Gonzales also concludes that, under the facts here, Kaiser's appeal is premature. I disagree with that conclusion. I would hold that Rule 76a(8) as written is broad enough to cover an order such as we have here and that such an order is immediately appealable. Accordingly, I would vacate the court of appeals' order granting writ of mandamus and remand this cause to the court of appeals to decide the controversy under appellate standards of review.

## I. BACKGROUND

In this case, the trial court concluded that although it had not entered a sealing order, it maintained continuing jurisdiction under Rule 76a(7) to determine whether the documents the News

sought were court records and scheduled a hearing to make a determination. The court entered this order on June 24, 1998. On July 10, 1998, Kaiser filed a mandamus in the Fifth District Court of Appeals in Dallas, alleging that the trial court's order was void and requested the court of appeals to grant mandamus and set aside the trial court's order. On July 14, 1998, Kaiser also filed an appeal under Rule 76a(8) requesting the same relief requested in Kaiser's previously filed mandamus.

On August 27, 1998, the court of appeals, without reference to Rule 76a(8) or the pending appeal, conditionally granted the writ and ordered the trial court to vacate its June 24 order and to take no further action with regard to the News' motion. _____ S.W.2d at _____. The News filed a petition for mandamus in this Court requesting the Court to vacate the court of appeals' order and reinstate the trial court's order scheduling a Rule 76a hearing.

## II. GUIDING RULES AND PRINCIPLES

### A. RULE 76A

Rule 76a provides the guiding rules and principles for sealing court records. *See Upjohn Co. v. Freeman*, 847 S.W.2d 589, 590 (Tex. App.--Dallas 1992, no writ); *Dunshie v. General Motors Corp.*, 822 S.W.2d 345, 347 (Tex. App.--Beaumont 1992, no writ). Rule 76a provides:

> **Appeal.** Any order (or portion of an order or judgment) relating to sealing or unsealing court records shall be deemed to be severed from the case and a final judgment which may be appealed by any party or intervenor who participated in the hearing preceding issuance of such order.

*See* TEX. R. CIV. P. 76a(8).

On the appeal of a trial court order under Rule 76a, the reviewing court reviews the ruling

2

under the abuse of discretion standard. *See Upjohn Co. v. Freeman*, 906 S.W.2d 92, 95 (Tex. App.--Dallas 1995, no writ).

## B. MANDAMUS — ADEQUATE REMEDY BY APPEAL

Mandamus will not issue where there is a clear and adequate remedy at law such as a normal appeal. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992); *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984). As this Court has repeatedly stated, mandamus is intended to be an extraordinary remedy, available only in limited circumstances. *See Walker*, 827 S.W.2d at 840. Mandamus will issue only in situations involving manifest and urgent necessity and not for grievances that may be resolved by other remedies. *See Walker*, 827 S.W.2d at 840; *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989).

A reviewing court lacks jurisdiction to issue mandamus to supervise or correct a trial court's incidental rulings when there is an adequate appellate remedy. *See Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex. 1990); *Iley v. Hughes*, 311 S.W.2d 648, 652 (Tex. 1958). The requirement that persons seeking mandamus establish the lack of an adequate appellate remedy is a "fundamental tenet" of mandamus practice. *See Walker*, 827 S.W.2d at 840; *Holloway*, 767 S.W.2d at 684. This fundamental tenet is well-settled. *See Walker*, 827 S.W.2d at 840.

## III. ANALYSIS

If the facts of a particular case meet the criteria of Rule 76a(8), the aggrieved party has a remedy at law by appeal. The criteria under Rule 76a(8) are: (1) *any* order . . . (2) *relating* to sealing or unsealing court records . . . (3) may be appealed (4) by any party or intervenor (5) who

3

participated in the hearing preceding issuance of such order. *See* TEX. R. CIV. P. 76a(8). These criteria are met in this case. On June 17, 1998, the trial court held a hearing and both Kaiser and the News participated. That hearing preceded the trial court's order entered on June 24, 1998. That order related to the sealing or unsealing of court records. Under a plain reading of Rule 76a(8), the right of appeal applies to *any* order that *relates* to sealing or unsealing.[1] This language does not require that the court's order actually involve sealing or unsealing. Hence, under a plain reading of this Court's own rule, Kaiser's remedy to challenge the trial court's order was an appeal rather than a mandamus. And, Kaiser's appeal of the order, which *related* to sealing or unsealing, was not premature.

When the court of appeals ruled, it had before it both an original proceeding seeking mandamus and an appeal directly attacking the trial court's order. In choosing the original proceeding to remedy the perceived error, the court of appeals ignored a fundamental tenet of writ practice. Issuing mandamus is not authorized when the relator has an adequate remedy by appeal. *See Holloway*, 767 S.W.2d at 684; *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985). The court of appeals abused its discretion when it chose the original proceeding instead of the pending appeal as the means for considering the perceived error the trial court committed. *See Holloway*, 767 S.W.2d at 684. Accordingly, the court of appeals should have decided the

---

[1] Justice Gonzales relies heavily on Rule 76a(6) for his holding that Kaiser's appeal was premature. Rule 76a(6) refers to "a motion relating to sealing or unsealing." *See* TEX. R. CIV. P. 76a(6). But Rule 76a(8) refers to *any* order relating to sealing or unsealing. *See* TEX. R. CIV. P. 76a(8). If Rule 76a(8) allowed only appeals from Rule 76a(6) orders, it would say "the order" instead of any order.

4

controversy under appellate standards of review based on Kaiser's appeal and should have dismissed Kaiser's petition for mandamus for want of jurisdiction. *See Bell Helicopter*, 787 S.W.2d at 955.[2]

## IV. CONCLUSION

The court of appeals should have dismissed Kaiser's mandamus petition for want of jurisdiction and, instead, it should have decided this case based on Kaiser's appeal of the trial court's order under the standard of review of an appeal. Accordingly, I would set aside the court of appeals' order and remand the cause to the court of appeals to decide the controversy on Kaiser's appeal under appellate standards of review.

James A. Baker, Justice

OPINION DELIVERED: December 16, 1999

---

[2] I disagree with the rationale Justice Abbott's concurrence employs to conclude that the Court should resolve the merits of the controversy. Simply put, whether one agrees or disagrees with the court of appeals' decision on the merits, as a threshhold matter, the court of appeals abused its discretion when it chose the original proceeding instead of the pending appeal as the means for considering the perceived error the trial court committed. *See Holloway*, 767 S.W.2d at 684.

5

... standards of review based on Kansas ... and should have discussed ...

... exemption for hazardous ...

(VIII) CONCLUSION

... standards should have discussed ...

James A. ...

... December ...

# IN THE SUPREME COURT OF TEXAS

No. 98-0907

IN RE THE DALLAS MORNING NEWS, INC., RELATOR

ON PETITION FOR WRIT OF MANDAMUS

JUSTICE ABBOTT, joined by JUSTICE ENOCH, JUSTICE HANKINSON, and JUSTICE O'NEILL, concurring.

The Court should consider whether the trial court had jurisdiction to set and conduct the hearing. The trial court issued an order after final judgment and after its plenary power expired, and the court of appeals granted mandamus relief based on its conclusion that the trial court lacked jurisdiction. The Court should resolve the controversy presented and decide whether a trial court whose plenary power has expired maintains continuing jurisdiction to consider whether unfiled discovery made confidential by a Rule 11 agreement and exhibits introduced at a summary jury trial include "court records" as defined by Texas Rule of Civil Procedure 76a. I would hold that because Rule 76a(7) provides trial courts with continuing jurisdiction over an intervenor's attempt to gain or prevent access to court records at any time after judgment, a trial court necessarily has jurisdiction to determine whether unfiled discovery made confidential by a Rule 11 agreement includes court records. Similarly, a trial court has continuing jurisdiction to determine whether certain summary

jury trial exhibits are "court records" within Rule 76a's meaning. Because the court of appeals erroneously concluded that the trial court lacked jurisdiction, the court of appeals should not have granted mandamus relief, and the cause should be remanded to the trial court to proceed with the hearing.

## I

Justice Gonzales concludes that the court of appeals should not have issued mandamus relief because Kaiser did not show that it lacked an adequate appellate remedy.[1] In reaching this conclusion, Justice Gonzales first rejects the court of appeals' conclusion that mandamus was proper because the trial court's plenary jurisdiction over the original lawsuit had expired and the News's motion did not allege grounds for continuing jurisdiction. Justice Gonzales attempts to distinguish an order entertaining a Rule 76a motion from an order granting a new trial after the trial court's plenary power has expired, for which mandamus relief is proper. *See In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998). Instead, Justice Gonzales decides that Kaiser's challenge to the trial court's jurisdiction is more in the nature of a plea to the jurisdiction, for which mandamus relief is generally improper because appeal is an adequate remedy. ___ S.W.3d at ___.

The basis of Justice Gonzales's argument is that a Rule 76a proceeding is a "quasi-independent proceeding" in which the trial court "resolves distinct issues limited to the question of

---

[1] I agree with Justice Gonzales's conclusion that Rule 76a(8) expressly provides an appellate remedy from a trial court's order fully disposing of a Rule 76a motion, but that it does not provide an appeal from the court's order that does nothing more than set a Rule 76a hearing.

2

sealing or unsealing documents." ___ S.W.3d at ___. But the language of Rule 76a itself indicates that Rule 76a proceedings are not independent, but are part of the underlying litigation. A Rule 76a hearing involves the same parties and is part of the existing controversy. *See* TEX. R. CIV. P. 76a(4). Justice Gonzales notes that nonparties may intervene for the limited purpose of participating in the proceedings, but fails to recognize that the very nature of an intervention is that nonparties are entering an existing controversy between the parties. *See Highlands Ins. Co. v. Lumbermen's Mut. Cas. Co.*, 794 S.W.2d 600, 601 (Tex. App.—Austin 1990, no writ); *see also* BLACK'S LAW DICTIONARY 826 (7th ed. 1999). Further, Rule 76a(8) provides that any order disposing of a Rule 76a motion is severed from the case, indicating that a Rule 76a proceeding remains a part of the underlying litigation until the time the court enters such an order. *See* TEX. R. CIV. P. 76a(8). Thus, a Rule 76a hearing is not an independent proceeding, but remains a part of the existing controversy until such time as the motion is finally adjudicated by the trial court.

In the context of a trial court's denial of a plea to the jurisdiction, we have held that mandamus is improper because the denial is an incidental trial ruling rendered before final judgment and appeal is an adequate remedy. *See Abor v. Black*, 695 S.W.2d 564, 566-67 (Tex. 1985). But here we have a final judgment and the trial court has issued an order after its plenary power has expired unless Rule 76a gave it continuing jurisdiction. Accordingly, if the trial court lacked jurisdiction to set the hearing, mandamus would be an appropriate remedy because the proceeding would be a nullity, rendering appeal inadequate. *See Dickason*, 987 S.W.2d at 571. But if the trial court had jurisdiction, the court of appeals would have abused its discretion by issuing mandamus

3

relief. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985).

The Court should not remand this case to the trial court to conduct the hearing without commenting on the jurisdiction issue. Because the court of appeals considered the question of jurisdiction and issued a writ of mandamus on that basis, that question is presented for our review and it is proper for us to consider that question by mandamus. *See id.* (Supreme Court's mandamus jurisdiction encompasses determining whether the court of appeals abused its discretion in granting mandamus relief based upon an abuse of discretion in the trial court); *see also In re Meador*, 968 S.W.2d 346, 350 (Tex. 1998). Justice Gonzales instead concludes that "it would be premature to decide the [jurisdiction issue] at this incipient stage of the controversy." ___ S.W.3d at ___. I fail to see how the question of the trial court's jurisdiction is at an "incipient stage" when both the trial court and the court of appeals have decided the issue and it is ripe for our review. The trial court ruled that it has continuing jurisdiction and granted the News's motion to obtain access to the records by setting a hearing to determine whether the documents are court records within Rule 76a. The court of appeals concluded that the trial court lacked jurisdiction to entertain the News's motion because the court's plenary power had expired and the News's motion did not allege a basis for continuing jurisdiction, and the court of appeals granted mandamus relief on that basis.

The Court should consider whether the court of appeals improperly granted mandamus relief based on its finding that the trial court lacked jurisdiction. Accordingly, I turn to whether the trial court had jurisdiction under Rule 76a(7) over the News's request for access to court records.

4

## II

In 1990, this Court adopted Rule 76a in response to legislation mandating that it establish guidelines for sealing court records in civil cases. *See* TEX. GOV'T CODE § 22.010. Rule 76a "creates a presumption that all court records are open to the public." *General Tire, Inc. v. Kepple*, 970 S.W.2d 520, 523 (Tex. 1998); *see* TEX. R. CIV. P. 76a(1). To further that presumption, the Rule provides that "court records" may be sealed from the public only upon a showing that (a) "a specific, serious and substantial interest . . . clearly outweighs [both the] presumption of openness [and] any probable adverse effect that sealing will have upon the general public health or safety," and (b) "no less restrictive means than sealing records will . . . protect the specific interest asserted." TEX. R. CIV. P. 76a(1). Any person may intervene as a matter of right to be heard on the sealing issue. TEX. R. CIV. P. 76a(4), (7).

Rule 76a(7) grants trial courts continuing jurisdiction "to seal or unseal court records" upon the motion of a party or intervenor. It states:

> Any person may intervene as a matter of right at any time before or after judgment to seal or unseal court records. A court that issues a sealing order retains continuing jurisdiction to enforce, alter, or vacate that order. An order sealing or unsealing court records shall not be reconsidered on motion of any party or intervenor who had actual notice of the hearing preceding issuance of the order, without first showing changed circumstances materially affecting the order.

TEX. R. CIV. P. 76a(7).

Rule 76a defines "court records" to include "discovery, not filed of record, concerning matters that have a probable adverse effect upon the general public health or safety." TEX. R. CIV. P. 76a(2)(c); *see Kepple*, 970 S.W.2d at 523. The News contends that the unfiled discovery made

5

confidential by Kaiser's Rule 11 agreement contains documents that meet this definition. It seeks to have the trial court determine whether "court records" are included in the unfiled discovery and, if so, to "unseal" the records. The News also seeks to have exhibits that were introduced as evidence at the summary jury trial declared "court records" subject to Rule 76a. The issue therefore is whether Rule 76a(7) gives the trial court jurisdiction to hear the News's motion to intervene to obtain disclosure of "court records" that may be contained in either the unfiled discovery that is subject to the Rule 11 agreement or the summary jury trial exhibits introduced in the *Henderson* litigation.

## A

In construing a rule of civil procedure, we look first to the rule's plain language. *See, e.g., Burrhus v. M&S Supply, Inc.*, 933 S.W.2d 635, 640 (Tex. App.—San Antonio 1996, writ denied); *see also Missouri Pac. R.R. Co. v. Cross*, 501 S.W.2d 868, 872 (Tex. 1973). Both Kaiser and the News argue that the plain language of Rule 76a supports their respective positions. The News argues that Rule 76a(7)'s plain language gives the trial court continuing jurisdiction to determine if the documents are court records. Despite the fact that no sealing order has been issued, the News asserts that any records in the discovery have been "sealed" insofar as the public is completely barred from inspecting them. Thus, argues the News, Rule 76a(7) allows it to "intervene as a matter of right at any time . . . after judgment to . . . unseal court records." TEX. R. CIV. P. 76a(7).

In response, Kaiser argues that the trial court does not have jurisdiction to conduct the Rule 76a hearing requested by the News because no "sealing" has occurred within the meaning of Rule

6

76a. The Rule's language, Kaiser asserts, makes continuing jurisdiction to unseal court records contingent upon the trial court's first issuing a sealing order. Although Rule 76a(7)'s first sentence grants continuing jurisdiction to *seal* court records, Kaiser contends that the second sentence requires that a sealing order be issued before the court gains continuing jurisdiction to *unseal*. Because the trial court issued no sealing order, Kaiser argues that the trial court's jurisdiction to hear the News's motion expired with its plenary power.

I disagree with the parties that the language of Rule 76a plainly dictates either result. The first sentence of Rule 76a(7) states that "[a]ny person may intervene as a matter of right at any time before or after judgment to seal or unseal court records." *Id.* This broad language is an implicit grant of jurisdiction over an intervenor's attempt "to . . . unseal court records." Kaiser contends that this jurisdiction is limited to instances where the records have been sealed by court order. But the language of the Rule is not so limited. Rule 76a does not define what constitutes "sealing" for the purpose of determining when a court may unseal. Clearly the term includes court orders issued under Rule 76a; but the Rule does not state whether the grant of continuing jurisdiction applies *only* when such a court order has issued. And, contrary to Kaiser's contention, the second sentence of Rule 76a, which states that "[a] court that issues a sealing order retains continuing jurisdiction to enforce, alter, or vacate that order," does not necessarily limit a court's continuing jurisdiction to situations in which the court has issued a sealing order. It does not automatically follow from the second sentence that a court that does not issue a sealing order does not have continuing jurisdiction. Instead, the second sentence could be read not as a limitation on the court's jurisdiction, but simply

7

a clarification that a court retains jurisdiction to alter or enforce any sealing order it issues, or to vacate it when it is no longer necessary.

Accordingly, I conclude that the Rule's language is ambiguous. Thus, it is proper to consider the purpose of the Rule in construing it. *See Ludwig v. State*, 931 S.W.2d 239, 242 (Tex. Crim. App. 1996) ("A court may consider the purpose behind the rule as an aid to construction.").

**B**

The obvious intent of Rule 76a(7)'s first sentence is to allow courts continuing jurisdiction to determine whether certain court records should be subject to, or shielded from, public disclosure. *See Kepple*, 970 S.W.2d at 523; TEX. R. CIV. P. 76a(1). This principle remains constant without regard to the method by which court records are sealed. The absence of a preexisting court order sealing documents cannot deprive courts of continuing jurisdiction to unseal "court records" that have been effectively sealed by a Rule 11 agreement or some other means. To hold otherwise would undermine both the purpose and the presumption embodied in Rule 76a. The Rule's purpose is to ensure public access to "court records"; the presumption is that all "court records" are open to the public. *See* TEX. R. CIV. P. 76a(1); *Kepple*, 970 S.W.2d at 523-24.

The Rule's use of the words "seal or unseal" flows from the general proposition underlying Rule 76a: that the public has access, both before and after judgment, to "court records" unless the court enters a sealing order consistent with Rule 76a's sealing requirements. Rule 76a(7) effectuates this animating principle by granting the trial court continuing jurisdiction to allow or prevent access

8

to "court records." It is the question of access, not some earlier decision on that question, that gives the trial court jurisdiction. Thus, I would hold that Rule 76a(7), which grants continuing jurisdiction to unseal without reference to any particular sealing method, applies to "unseal court records" whether those records were sealed by court order following Rule 76a, some other rule, or by private agreement. The trial court has continuing jurisdiction to hear the News's motion to intervene to determine whether the unfiled discovery contains "court records" within Rule 76a's meaning and whether any of the summary jury trial exhibits are court records. Any "court records" revealed are presumptively open to the public; however, the court also has jurisdiction to seal those records, following Rule 76a's requirements.

## III

Kaiser argues alternatively that the News has waived its right to intervene. Kaiser points to the fact that the Rule 11 agreement was filed in court, and contends that the News, which was covering the *Henderson* litigation, had notice that discovery potentially containing "court records" was being sealed.

The third sentence of Rule 76a(7) provides:

> An order sealing or unsealing court records shall not be reconsidered on motion of any party or intervenor who had actual notice of the hearing preceding issuance of the order, without first showing changed circumstances materially affecting the order.

TEX. R. CIV. P. 76a(7). Nothing in the record indicates that the News had *actual* notice of the Rule 11 agreement. Moreover, the Rule plainly contemplates actual notice of a public hearing conducted

9

according to Rule 76a(4). Nothing approaching a public hearing accompanied Kaiser's filing of the Rule 11 agreement among its court papers.

\* \* \* \* \* \*

For the foregoing reasons, I would hold that the trial court had jurisdiction to set a hearing on the News's Rule 76a motion to determine whether the documents sought by the News are "court records" within the meaning of Rule 76a. Accordingly, the court of appeals should not have granted mandamus relief, and the cause should be remanded to the trial court to proceed with the hearing.

GREG ABBOTT
JUSTICE

OPINION DELIVERED: December 16, 1999

# IN THE SUPREME COURT OF TEXAS

## No. 98-0907

### IN RE THE DALLAS MORNING NEWS, INC., RELATOR

### ON PETITION FOR WRIT OF MANDAMUS

### **JUDGMENT**

THE SUPREME COURT OF TEXAS, having heard this cause on petition for writ of mandamus, and having considered the record, briefs, and argument of counsel, is of the opinion that the writ of mandamus should be conditionally granted.

IT IS THEREFORE ORDERED, in accordance with the Court's opinion, that:

1) The Clerk of this Court will issue a Writ of Mandamus, unless The Honorable Court of Appeals for the Fifth District vacates its judgment conditionally granting mandamus dated August 27, 1998, in Cause No. 05-98-01132-CV, styled *In re Kaiser Foundation Health Plan of Texas, Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan, Inc.*;

2) The Dallas Morning News, Inc. shall recover from Kaiser Foundation Health Plan of Texas, Kaiser Foundation Hospitals, and Kaiser Foundation Health Plan, Inc., who shall pay the costs incurred in this Court in this cause.

Per Curiam Opinion

Concurring opinion by Justice Abbott, joined by
Justice Enoch, Justice Hankinson, and Justice O'Neill

Concurring opinion by Justice Gonzales, joined by
Chief Justice Phillips, Justice Hecht, and Justice Owen

Concurring and dissenting opinion by Justice Baker


December 16, 1999

**********