# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00339-CV

**Walter Olenick, Appellant**

**v.**

**The City of Austin, Texas; and The State of Texas, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-14-000371, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Walter Olenick was charged by complaint with building without a permit in violation of the City of Austin and International Building Codes. Following a jury trial in municipal court, Olenick was found guilty of the charged offense and ordered to pay a fine of $2,000. Olenick filed a motion for new trial, which was overruled on September 23, 2013. Olenick did not appeal the municipal court's judgment to the county court at law. *See* Tex. Gov't Code 30.00014(d) (notice of appeal must be filed no later than tenth day after date motion for new trial is overruled). Instead, on January 21, 2014, Olenick filed a petition for writ of mandamus in the county court at law requesting, among other things, that the county court vacate the trial court's denial of his motion for new trial. The county court denied the petition for writ of mandamus. Olenick then filed a notice of appeal from the denial of his petition for writ of mandamus.

Olenick failed to timely file a notice of appeal and therefore did not invoke the county court at law's appellate jurisdiction over the municipal court's order. Consequently, this is an appeal from an original proceeding for a writ of mandamus initiated in a trial court, which is different from an original proceeding for a writ of mandamus filed in an appellate court. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 792 (Tex. 1991). "An original proceeding for a writ of mandamus initiated in the trial court is a civil action subject to trial and appeal on substantive law issues and the rules of procedure as any other civil suit . . . ." *Id.*; *Board of Trs. of Houston Firefighters' Relief & Ret. Fund v. City of Houston*, ___ S.W.3d ___, No. 01-12-01167-CV, 2015 WL 464232, at *3 (Tex. App.—Houston [1st Dist.] Jan. 27, 2015, no pet. h.). We therefore review the trial court's findings of fact and conclusions of law in accordance with the standards generally applicable to a trial court's findings and conclusions. *Anderson*, 806 S.W.2d at 794 n.2; *Dallas Area Rapid Transit v. Dallas Morning News*, 4 S.W.3d 469, 473 (Tex. App.—Dallas 1999, no pet.). We review findings of fact for legal and factual sufficiency, and we review conclusions of law de novo. *Dallas Area Rapid Transit*, 4 S.W.3d at 473. We do not apply the abuse of discretion standard applicable to mandamus actions that originate in our appellate courts. *University of Tex. Law Sch. v. Texas Legal Found.*, 958 S.W.2d 479, 481 (Tex. App.—Austin 1997, no pet.).

Texas law generally authorizes mandamus relief to compel a public official or body to either perform a ministerial duty or to correct a clear abuse of discretion. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). The movant typically must establish that (1) a public official or body failed to perform a ministerial duty or committed a clear abuse of discretion and (2) there is no adequate remedy at law. *See Republican Party of Tex. v. Dietz*, 940 S.W.2d 86,

2

88 (Tex. 1997). "As the name implies, extraordinary writs issue only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989). When a direct appeal of an order at issue would provide an adequate remedy, mandamus relief is not authorized. *In re The Dallas Morning News, Inc.*, 10 S.W.3d 298, 308 (Tex. 1999). The Texas Supreme Court has explained that the remedy of direct appeal is generally adequate even though it involves delay and more expense than obtaining an extraordinary writ. *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999). "But on rare occasions an appellate remedy, generally adequate, may become inadequate because the circumstances are exceptional." *Id.* Thus, we will review the petition filed in the county court to determine whether Olenick has identified any errors in the municipal court proceedings for which he had no adequate appellate remedy or whether any exceptional circumstance existed such that the trial court was authorized to grant mandamus relief.[1]

Olenick's petition for writ of mandamus is chiefly composed of arguments challenging the propriety of the municipal court's judgment and more closely resembles an appellate brief. The issues he raises do not address a failure by the trial court to perform a ministerial act and do not merit relief by mandamus. The relief Olenick requests is principally that the county court make a number of "declarations" that the evidence does not support his conviction for violating the applicable building codes. None of these requested "declarations" seeks to compel a public official

---

[1] For this reason, we will not address all of Olenick's 22 issues but instead will provide a general overview of the issues Olenick has raised for which he had an adequate appellate remedy. We will specifically address only a single issue which, if correct, could have potentially impacted Olenick's right to an appeal. *See* Tex. R. App. P. 47.1.

to perform a ministerial act or to correct the municipal court's clear abuse of discretion. For example, Olenick requested the county court to (1) declare that "building of focus is 'grand-fathered' out of the building code," (2) confirm that there was no evidence that Olenick engaged in activities that violated a building code, and (3) confirm that the State "confessed, via its satellite, overhead photos that whatever roofing was done occurred between 2003 and 2006." Olenick had an adequate remedy by appeal in which he could have raised these challenges, but he failed to avail himself of that remedy. *See Walker*, 827 S.W.2d at 840 (unless complained-of order is void or invalid, no court has power to provide mandamus relief when party seeking that relief had adequate remedy by appeal but failed to pursue it); *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984) ("A general requirement for a writ of mandamus is the lack of a clear and adequate remedy by appeal."). Olenick also seeks an order vacating the municipal court's denial of his motion for new trial and special appearance. Again, because Olenick had an adequate remedy by appeal, this type of mandamus relief is not available.

Some of Olenick's issues contend that the trial court lacked both personal jurisdiction over him and subject-matter jurisdiction over the case. The Texas Supreme Court has held that, except in "unique and compelling circumstances," a direct appeal is an adequate remedy for a court's improper assertion of subject-matter jurisdiction. *See Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 954-55 (Tex. 1990).[2] Mandamus is not, absent exceptional circumstances, an avenue for reviewing a challenge to personal jurisdiction. *See CSR Ltd. v. Link*, 925 S.W.2d 591,

---

[2] The present case does not involve the municipal court's entry of a void *order*, which could be challenged by writ of mandamus. *See, e.g.*, *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) ("Mandamus is proper if a trial court issues an order beyond its jurisdiction.").

4

596 (Tex. 1996) (mandamus typically will not lie from denial of special appearance). Thus, Olenick's various arguments challenging the municipal court's jurisdiction after the court has issued a final and appealable judgment do not qualify for mandamus relief.

We will, however, address Olenick's claim that the municipal court's local rules deprived him of due process because, according to Olenick, they do not require the municipal court to provide him notice when it overrules a motion for new trial. This argument could be construed as a claim that he was unable to pursue his appellate remedy because he did not know that his motion for new trial was overruled in time to file a notice of appeal. *See* Tex. Gov't Code § 30.00014(c),(d) (one attempting to appeal from municipal court's final judgment must move for new trial and file notice of appeal within ten days of date on which motion is overruled). The specific rule Olenick challenges is Municipal Court local rule 5.8, which provides:

> **Denied Motion.** If a motion is denied, in order to avoid an arrest warrant, a bond in the amount set by the Court may be posted.
>
> It is the responsibility of the defendant to determine whether the motion was granted or denied. Information is available online.

This local rule appears in a section of the rules titled "Motions for Continuance." The rule Olenick complains of plainly applies to motions for continuance, not motions for new trial. It therefore has no application or relevance to Olenick's case. Moreover, a motion for new trial filed in a municipal court is overruled by operation of law if it has not been acted on within thirty days of the date on which it was filed and a court may, for good cause, extend the time for filing a notice of appeal for as much as 90 days from the original filing deadline. *Id.* Thus, even a defendant who does not

receive notice that a municipal court has denied his motion for new trial should, by the 30th day after the motion was filed, be aware that it has been overruled and still has the ability to request an extension of time to file a notice of appeal. There is no indication in the record before us that Olenick made any such request. We cannot conclude that Olenick was deprived of the ability to pursue his appellate remedies.

## CONCLUSION

Olenick had a clear and adequate remedy by appeal and no exceptional circumstances existed that would authorize the trial court to grant Olenick's petition for writ of mandamus. We affirm the trial court's denial of the petition.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   June 30, 2015

6