## In re TEXAS BOARD OF PARDONS AND PAROLES and Victor Rodriguez, in his official and individual capacities, Relators.

No. 98–1199.

Supreme Court of Texas.

Dec. 31, 1998.

Sedora Jefferson, Dewey E. Helmcamp, III, Dan Morales, Jorge Vega, David A. Talbot, Jr., Austin, for Petitioner.

Daniel J. Pope, Chicago, IL, Kurt M. Sauer, Austin, Daniel J. Hayes, Chicago, IL, for Respondent.

## OPINION CONCURRING IN THE ORDER DISMISSING RELATORS' PETITION AS MOOT

Justice HECHT, joined by Justices OWEN and PHILLIPS, concurring.

I believe it is important to explain briefly why I think the Court correctly granted relators' motion to stay, requested additional briefing on its jurisdiction, and now dismisses relators' petition as moot.

This original proceeding arises out of an action filed in the district court on October 9, 1998, by two prison inmates sentenced to death, Joseph Stanley Faulder and Andre Lewis, on behalf of themselves and a class of other similarly situated death row inmates, for a declaration that the Texas Board of

Pardons and Paroles processes clemency applications in violation of Article IV, Section 11 of the Texas Constitution, the Texas Open Meetings Act,[1] and Texas common law, and that the Board's rules regarding clemency are invalid under the Texas Administrative Procedure Act.[2] The same issues were raised in another action filed earlier this year, in which Lewis moved to intervene on September 4, but were not finally adjudicated.

Faulder was scheduled to be executed on December 10, at 6:00 p.m. On November 4, he filed an application for clemency with the Board. On November 19, plaintiffs filed an application for a temporary restraining order and a temporary injunction to compel the Board to change its procedures for considering clemency applications by giving advance notice of meetings, deliberating and voting in public, and keeping minutes or recordings of its deliberations. Plaintiffs attached to their application affidavits by several attorneys describing the Board's clemency process as they had experienced it.

The district court did not hear plaintiffs' application until November 30. After brief argument by counsel, the district court issued a temporary restraining order the same day, concluding that "before notice can be given and a hearing had on Plaintiffs' request for a temporary injunction, the Plaintiffs' rights ... will be violated, and they may suffer irreparable injury by having their capital clemency applications considered in secret and behind closed doors in violation of the Texas Constitution, Texas Open Meetings Act and Texas common law regarding open government". The order provided:

> IT IS THEREFORE ORDERED that the Board comply with the Texas Constitution, Art. IV, § 11, by keeping a record of its actions and stating the reasons for its actions.
>
> IT IS FURTHER ORDERED that the Board comply with the Open Meetings Act and Texas common law by posting notices as required by §§ 551.041, 551.044 and 551.048 of the Act; by conducting meetings open to the public as required by § 551.002 of the Act and Texas common law; by keeping minutes or tape recordings as required by § 551.021 of the Act; by convening in open meeting before conducting a closed meeting as required by § 551.101 of the Act; by deliberating and voting in public as required by the Act and Texas common law; and by acting as a body as required by Texas common law.
>
> IT IS FURTHER ORDERED that this order applies only to executions scheduled more than eight days from the date of this order.
>
> IT IS FURTHER ORDERED that because this Court has no authority to stay or interfere with an execution, if the Defendants fail to comply with this order by 3:00 o'clock p.m. on the day of an execution, then this order shall expire as to that individual plaintiff.

Expressly recognizing that it could not stay or interfere with an execution,[3] the court included the last paragraph at plaintiffs' request so that the order would effectively expire before any execution, usually scheduled for 6:00 p.m. The court set a temporary injunction hearing for December 14, and set bond at $10.

On December 3, the Board filed a motion for leave to file a petition for writs of prohibition and mandamus with the Court of Criminal Appeals, and a petition for writs of mandamus, prohibition, and injunction with this Court. The Board asked both courts to stay or vacate the temporary restraining order. In the Court of Criminal Appeals, the Board argued only that the district court lacked jurisdiction to issue its order because "[t]he instant suit is fundamentally a criminal law matter, with jurisdiction lying only in the Court of Criminal Appeals or the convicting court." On December 4, plaintiffs moved the Court of Criminal Appeals to dismiss the Board's motion on the grounds that the case involved entirely civil matters over which the Court of Criminal Appeals lacked jurisdiction, or to deny the motion because the Board had not established a right to relief.

---

1. TEX. GOV'T CODE §§ 551.001–.146.

2. TEX. GOV'T CODE §§ 2001.001–.902.

3. *State ex rel. Holmes v. Third Court of Appeals,* 885 S.W.2d 389, 395–396 (Tex.Crim.App.1994).

The Court of Criminal Appeals denied the Board's motion to leave on December 7 without explanation.

On December 8, we stayed the temporary restraining order except to the extent that it set a temporary injunction hearing. In that regard, we stated that the stay was "not intended to interfere with the trial court's ability to hold a hearing and rule on plaintiffs' request for a temporary injunction." The Court correctly stayed the temporary restraining order, in my view, because the order altered the status quo without a sufficient basis for doing so. "The issuance of a temporary restraining order, like the issuance of a temporary injunction, is to maintain the status quo between the parties."[4] In determining whether to grant temporary injunctive relief, "the only question before the court ... is whether the applicant is entitled to preservation of the status quo of the subject matter of the suit pending trial on the merits."[5] A ruling on temporary injunctive relief "may not be used to obtain an advance ruling on the merits".[6] The status quo is "the last, actual, peaceable, non-contested status that preceded the pending controversy."[7] There is no question that the Board has not been operating as ordered by the district court. Its handling of clemency petitions before the temporary restraining order issued is the status quo.

Plaintiffs concede that the temporary restraining order changes the status quo, but they argue that the order is justified because the Board is violating the law by continuing to make clemency recommendations without notice, public hearings, and more detailed records. It is true that mandatory injunctive relief may be granted if "necessary to prevent irreparable injury or extreme hardship",[8] and if plaintiffs are correct in their complaints about the Board, this may be such a situation. But the substance of plaintiffs' complaints has yet to be addressed, even though the same issues were raised by other death row inmates almost a year ago and have been at issue in the pending litigation since it was filed on October 9, nearly three months ago. No one has offered a reason, nor does one appear in the scant record before us, why the merits of plaintiffs' claims could not have been determined long before now, and before the temporary restraining order issued.

On December 9, the day after this Court issued a stay, plaintiff Faulder sued the Board in the United States District Court for the Western District of Texas for a determination that the Board's clemency procedures do not afford "minimal procedural safeguards" required by the United States Constitution.[9] The federal court set the matter for hearing on the merits on December 21. Meanwhile, the state district court granted the Board's motion for continuance and postponed the temporary injunction hearing in the pending case until January 4, 1999. After an evidentiary hearing lasting more than two days, the federal court issued its decision on December 28. The federal constitutional issues in the federal case are different from the state law issues in the state court, but the relevant factual matters concerning the Board's operation largely overlap. I am uncertain why the federal proceedings have been so much more expeditious than the state proceedings, but as this Court has pre-

---

4. *Cannan v. Green Oaks Apts., Ltd.*, 758 S.W.2d 753, 755 (Tex.1988) (per curiam). *Accord: Texas Aeronautics Comm'n v. Betts*, 469 S.W.2d 394, 398 (Tex.1971) ("A temporary restraining order and, after notice and hearing, a temporary injunction may be granted for the purpose of maintaining the status quo." (citing *Janus Films, Inc. v. City of Fort Worth*, 163 Tex. 616, 358 S.W.2d 589, 589 (Tex.1962) (per curiam))).

5. *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex.1981) (citing *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978). *Accord: Transport Co. v. Robertson Transports*, 152 Tex. 551, 555, 261 S.W.2d 549, 552 (Tex.1953).

6. *Iranian Muslim Org.*, 615 S.W.2d at 208.

7. *State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex.1975) (citing *Janus Films*, 358 S.W.2d at 589), and *Transport Co.*, 261 S.W.2d at 553–554).

8. *Iranian Muslim Org.*, 615 S.W.2d at 208. *See also* Tex. Civ. Prac. & Rem.Code § 65.011; Tex. Gov't Code § 551.142.

9. *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 118 S.Ct. 1244, 1253–1254, 140 L.Ed.2d 387 (1998) (O'Connor, J., concurring in part and concurring in the judgment).

viously noted in another context involving temporary injunctive relief, I am "constrained to observe that this case should have been tried on the merits in the trial court long before now." [10]

This Court has not addressed the merits of plaintiffs' contentions because they were not fully adjudicated in the district court and the parties' arguments have barely been sketched here. We did request additional briefing on issues concerning this Court's jurisdiction. In response, the Board has taken a different position than it presented to the Court of Criminal Appeals, and it now agrees with plaintiffs that the issues raised in the pending litigation are essentially civil in nature and therefore within this Court's jurisdiction. Finding the jurisdictional boundary between this Court and the Court of Criminal Appeals can be a difficult task, but I am convinced by the briefing presented that matters regarding the Board's clemency procedures are civil rather than criminal. These matters can and should be adjudicated without drawing this Court into the unending efforts to delay executions, something over which it has no jurisdiction.

I agree that the expiration of the temporary restraining order has mooted the proceedings in this Court, and thus I concur in the Court's dismissal of them.

---

**10.** *Iranian Muslim Org.,* 615 S.W.2d at 208.