**In re the STATE of Texas.**

**No. 10–00–288–CV.**

Court of Appeals of Texas, Waco.

Sept. 20, 2000.

R. Neel McDonald, Asst. County Atty., Fairfield, for Relator.

James V. Fulcher, Teague, George M. Robinson, Fairfield, for Real Party in Interest.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

### OPINION

REX D. DAVIS, Chief Justice.

The State of Texas asks this Court to issue a writ of mandamus against Respondent, the Honorable Horace D. Black, Judge of the 77th District Court of Freestone County. We notified the State on the date it filed its petition that the petition is defective because it is not signed and does not contain proper proof of service. *See* Tex.R.App. P. 9.1, 9.5(d). We advised the State that we would not act on the petition unless these defects were corrected. The State has failed to correct these defects.

Accordingly, we deny the petition. *See id.* 52.8(a). Our denial of the petition shall not be construed as a ruling on the merits.

Justice GRAY dissenting.

TOM GRAY, Justice, dissenting.

A recurring problem that we have had to address is the proper disposition of original proceedings which have been provisionally filed. This issue applies only to those original proceedings which fail to comply with the rule regarding proof of service which is a prerequisite to a properly filed document, which the clerk may elect to waive at the time the document is presented for filing and have promptly corrected thereafter. TEX.R.APP. P. 9.5(d).[1] We have established a procedure whereby the clerk upon accepting and filing the defective document, notifies the petitioner of the defect and the need to cure it. The question arises, when the petitioner fails to cure the defect, is it proper for us to dismiss the petition or does Texas Rules of Appellate Procedure 52.8(a) require that it be denied.

The majority reads Texas Rule of Appellate Procedure 52.8(a) to mean that there are only two things we can do with a petition once it has been filed. Deny it, or grant relief. They contend there is no option to dismiss. This comes from their reading of the phrase "If the court determines from the petition ... that the relator is not entitled to the relief sought, the court must deny the petition." TEX.R.APP. P. 52.8(a). Their focus is on the nature of the ruling.

My focus is on why are we ruling. There is no question that if we are ruling on the petition, even if it is for some procedural defect, that denial is the proper ruling. However, if we are ruling on some aspect of the proceeding other than the contents of the petition, then we are not limited by the rule.

In this instance, it is clear that the document was filed upon the proviso that the petitioner would remedy a defect that would otherwise have prevented the filing of the petition. We are not ruling on the petition. We are ruling that because the defect was not cured we will not even consider the request for relief.

I also note that other courts have not read Texas Rule of Appellate Procedure 52.8 as prohibiting their dismissal of an original proceeding. *In re The Dallas Morning News, Inc.*, 10 S.W.3d 298 (Tex. 1999) (stating "The Court of Appeals should have dismissed Kaiser's mandamus petition for want of jurisdiction ..."); *In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d 768 (Tex.1999); *In re Texas Board of Pardons and Paroles*, 989 S.W.2d 360 (Tex. 1998); *Ex parte Garcia*, 988 S.W.2d 240 (Tex.Crim.App.1999); *In re Melchor*, 2000 WL 424319 (Tex.App.—Houston [1st Dist.], 2000, orig. proceeding); *In re Carry*, 1998 WL 225286 (Tex.App.—Dallas 1998, orig. proceeding). This issue was not the subject of any particular discussion in any of these cases, and the issue may not have been drawn to the courts attention. Nonetheless, the courts clearly elected to dismiss original proceedings rather than deny them. The majority herein contends that the only proper ruling is a denial.

Denial is defined as: "A refusal or rejection; esp., a court's refusal to grant a request presented in a motion or petition." BLACK'S LAW DICTIONARY 445 (7th ed.1999). This implies a reaction based upon the request. Dismiss is defined as: "To send (something) away; specif, to terminate (an action or claim) without further hearing, esp. before the trial of the issues involved." BLACK'S LAW DICTIONARY 482 (7th ed.1999). The majority is sending this filing, which purports to be a petition for writ of mandamus, away without having ever considered any aspect of it, other than that it does not meet the requirements to properly have been filed.

1. For failure to sign the petition, the rules specifically provide that the proper order is to "strike" the non-conforming document. If we do not dismiss for failure to have a certificate of service, we should "strike" the document for failure to comply with the rules, after our notice and opportunity to cure. TEX. R.APP. P. 9.4(i).

Because the petition in this case was only provisionally filed subject to the correction of the lack of a certificate of service, it is my opinion that we have not determined "from the petition that the relator is not entitled to the relief sought." We are not limited to a denial of the petition. It should be dismissed.[2]

---

**2.** The collateral consequences of a denial rather than dismissal, such as whether limitations will or will not be tolled, are beyond the scope of this dissenting opinion.