In re Kathryn **HENSLER.**

No. 10–00–103–CV.

Court of Appeals of Texas, Waco.

Oct. 18, 2000.

Kathryn Hensler, McAllen, pro se.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

**MEMORANDUM OPINION**

PER CURIAM.

Kathryn Hensler filed a petition for writ of mandamus with this Court against a district judge and the district clerk of Coryell County, Texas. The petition did not contain a certificate of service as required by Rule 9.5 of the Texas Rules of Appellate Procedure. TEX.R.APP.P. 9.5. This Court notified Hensler of this defect by letter dated March 30, 2000, and informed her that she had ten days from the date of the letter to comply with the service requirement or her petition would be dismissed. Hensler responded almost a month later requesting more time to obtain proof of service. This request was also deficient in providing proof of service. Hensler was notified of this defect by letter dated April 27, 2000, and again informed that her petition would be dismissed if the service requirement was not met within ten days from the date of the letter. Hensler has not provided a certificate of service for her petition for writ of mandamus or her request for extension of time to provide the certificate.

By our local rules, an individual who files an original proceeding such as a mandamus in this Court must abide by the appellate rules of briefing and form. 10TH TEX.APP. (WACO) LOC. R. 17, 13; TEX.

R.App.P. 9. The petitioner for a writ of mandamus also must serve a copy of the document on the opposing party or his lead counsel if represented by counsel. Tex.R.App.P. 9.5(a), (b). When a document is presented for filing, it must contain proof of service by either an acknowledgment of service by the person served or a certificate of service signed by the person who made the service and which states the date and manner of service, the name and address of each person served and, if the person served is a party's attorney, the name of the party represented by that attorney. *Id.* (d), (e). The clerk of a court may permit the filing of a document without proof of service but will require the proof of service to be promptly filed. *Id.* (d).

The clerk of this Court permitted Hensler to file her petition for writ of mandamus without proof of service. Hensler has been requested on two occasions to promptly file her proof of service. Almost seven months have passed since she filed her petition, and she has not filed proof of service as of this date. Rule 9 *requires* proof of service on all filed documents, and we are compelled to take action against Hensler's non-compliance with this rule.

This Court has recently held that the proper disposition is to deny the original proceedings that do not contain a certificate of service. *In re the State of Texas,* 26 S.W.3d 759 (Tex.App.—Waco 2000, orig. proceeding). Therefore, Hensler's motion for extension of time to provide proof of service is dismissed and her petition for writ of mandamus is denied for want of compliance with Rule 9 of the Rules of Appellate Procedure.