In re Jeraldmain Crain
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-072-CR

IN RE RANDOLPH ARLEDGE

 

 Original Proceeding
                                                                                                                

O P I N I O N
                                                                                                                

      Randolph Arledge filed a mandamus petition on March 11, 2002. We notified him that the
petition was defective because the certificate of service did not indicate that Arledge had served
a copy of the petition on the real party in interest as required by the Rules of Appellate Procedure. 
See Tex. R. App. P. 9.5(d), 52.2. We warned him that we would deny his petition if he did not
serve the document as required by the appellate rules and provide proper proof of service within
ten days.
      We received a letter from Arledge on March 22 in which he responded that he had served the
respondent, the Honorable John H. Jackson, Judge of the 13th District Court of Navarro County. 
We advised Arledge by letter dated March 27 that his petition continued to be deficient because
he had not served the real party in interest, the Navarro County District Attorney.


 We again
warned him that we would deny his petition if he did not serve the document as required.
      Arledge has failed to comply. Accordingly, we deny the petition. Id. 52.8(a); In re State of
Tex., 26 S.W.3d 759, 759 (Tex. App.—Waco 2000, orig. proceeding).

                                                                         PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Writ denied
Opinion delivered and filed April 24, 2002
Do not publish
[CV06]



miss his appeals.
      In the relevant portion, Rule 59 of the Texas Rules of Appellate Procedure states:
(b) Criminal Cases. The appeal may be dismissed if the appellant withdraws his notice
of appeal at any time prior to the decision of the appellate court. The withdrawal shall
be in writing signed by the appellant and his counsel and filed in duplicate with the clerk
of the court of appeals in which the appeal is pending . . . . Notice of the dismissal shall
be sent to the clerk of the trial court in which notice of appeal was filed. 
Id. 59(b).
      Stewart and his attorney have both signed the motions, as required by the rule. Id. We have
not issued a decision. Thus, the motions are granted and his notices of appeal are withdrawn.
      Stewart's appeals are dismissed. Id.
                                                                               PER CURIAM

Before Chief Justice Davis,
            Justice Cummings, and
            Justice Vance
Dismissed on appellant's motion
Opinion delivered and filed June 26, 1996
Do not publish