IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00099-CR

 

Richard Bernard Stepp,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 272nd District
Court

Brazos County, Texas

Trial Court No. 06-03822-CRF-272

 



MEMORANDUM  Opinion



 








            Richard Bernard Stepp seeks to appeal the trial court’s denial
of his motion for judgment nunc pro tunc which he filed nearly two years
after his conviction became final.  The Clerk of this Court advised the parties that the appeal is subject to dismissal for
want of jurisdiction because it appears there has been no appealable order.  See
Everett v. State, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, pet. dism’d). 
The Clerk also notified the parties that the appeal may be dismissed unless a
response was filed showing grounds for continuing the appeal.  No response has been filed.

This Court does not have
jurisdiction to review an order in a criminal case unless that jurisdiction is
expressly granted by the Texas Constitution or by statute.  See Abbott v. State, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008); Everett, 82 S.W.3d at 735.  No statute vests this Court with jurisdiction over an
appeal from an order denying a motion for judgment nunc pro tunc.  Accordingly,
the appeal is dismissed for want of jurisdiction.

FELIPE REYNA

Justice

 

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Appeal
dismissed

Opinion
delivered and filed June 24, 2009

Do not publish

[CR25]

 

 






rt determines from the petition . . . that the relator is not entitled to the relief sought, the
court must deny the petition.” Tex. R. App. P. 52.8(a). Their focus is on the nature of the
ruling.
      My focus is on why are we ruling. There is no question that if we are ruling on the
petition, even if it is for some procedural defect, that denial is the proper ruling. However, if
we are ruling on some aspect of the proceeding other than the contents of the petition, then we
are not limited by the rule.
      In this instance, it is clear that the document was filed upon the proviso that the petitioner
would remedy a defect that would otherwise have prevented the filing of the petition. We are
not ruling on the petition. We are ruling that because the defect was not cured we will not
even consider the request for relief.
      I also note that other courts have not read Texas Rule of Appellate Procedure 52.8 as
prohibiting their dismissal of an original proceeding. In re The Dallas Morning News, Inc., 10
S.W.3d 298 (Tex. 1999)(stating “The Court of Appeals should have dismissed Kaiser’s
mandamus petition for want of jurisdiction . . .”); In re Nolo Press/Folk Law, Inc., 991
S.W.2d 768 (Tex. 1999); In re Texas Board of Pardons and Paroles, 989 S.W.2d 360 (Tex.
1998); Ex parte Garcia, 988 S.W.2d 240 (Tex. Crim. App. 1999); In re Melchor, 2000 WL
424319 (Tex. App.—Houston [1st Dist.], 2000, orig. proceeding); In re Carry, 1998 WL
225286 (Tex. App.—Dallas 1998, orig. proceeding). This issue was not the subject of any
particular discussion in any of these cases, and the issue may not have been drawn to the courts
attention. Nonetheless, the courts clearly elected to dismiss original proceedings rather than
deny them. The majority herein contends that the only proper ruling is a denial.
      Denial is defined as: “A refusal or rejection; esp., a court’s refusal to grant a request
presented in a motion or petition.” Black’s Law Dictionary 445 (7th ed. 1999). This
implies a reaction based upon the request. Dismiss is defined as: “To send (something) away;
specif, to terminate (an action or claim) without further hearing, esp. before the trial of the
issues involved.” Black’s Law Dictionary 482 (7th ed. 1999). The majority is sending this
filing, which purports to be a petition for writ of mandamus, away without having ever
considered any aspect of it, other than that it does not meet the requirements to properly have
been filed.
      Because the petition in this case was only provisionally filed subject to the correction of
the lack of a certificate of service, it is my opinion that we have not determined “from the
petition that the relator is not entitled to the relief sought.” We are not limited to a denial of 
the petition. It should be dismissed.





                                                                               TOM GRAY
                                                                               Justice

Dissenting opinion delivered and filed September 20, 2000
Publish